UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY JOHN CAMERON,

Plaintiff,

v. Case No. 26-cv-0535-bhl

JENNIFER HAYES et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Casey John Cameron, who is currently incarcerated at the Dodge Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Eighth Amendment claims in connection with allegations that he received constitutionally inadequate treatment for chronic pain caused by a fractured coccyx and carpal tunnel syndrome. On May 21, 2026, the Court screened the complaint and allowed Cameron to proceed on claims against Jennifer Hayes, Barry Daughtry, and Virginia Trzebiatowski. The Court concluded that Cameron failed to state a claim against the remaining individuals he sued, including Dr. James Bruno. On August 14, 2026, Cameron filed a motion to reinstate Dr. Bruno as a Defendant, to add Dr. Daniel LaVoie as a Defendant, to appoint counsel, and to order his institution to stop deducting money from his prisoner account. The Court will address each request in turn.

First, the Court will deny Cameron's motion to reinstate Dr. Bruno as a Defendant. Cameron asserts that the Court incorrectly inferred that Dr. Bruno was an outside provider. Cameron clarifies that Dr. Bruno works for the Department of Corrections. This correction has no impact on the Court's analysis. The Court concluded that Cameron failed to state a claim against Dr. Bruno *not* because he was an outside provider but because the Court could not reasonably infer that he was deliberately indifferent to Cameron's serious medical condition. As noted in the screening order, according to Cameron, once it was determined that no further surgical intervention was possible to address his carpal tunnel syndrome, Dr. Bruno recommended that Gabapentin be prescribed for Cameron's nerve pain, a recommendation that was denied by the medical director. As the Court explained, the mere fact that Dr. Bruno's recommendation was denied does not

reasonably imply that he was deliberately indifferent to Cameron's condition. Similarly, the Court cannot reasonably conclude that Dr. Bruno was deliberately indifferent to his pain simply because his recommendations for surgery were not approved. Put plainly, Dr. Bruno's employment status was irrelevant to the Court's conclusion that Cameron failed to state a claim against him on which relief can be granted.

The Court will also deny Cameron's motion to add Dr. LaVoie as a Defendant. If Cameron wants to state additional claims against new Defendants, he must do so in an amended complaint. The Federal Rules of Civil Procedure do not allow plaintiffs to add claims and Defendants piecemeal in motions. Cameron is advised that, if he chooses to file an amended complaint, he must comply with Civil L. R. 15. That rule requires a plaintiff to file a motion to amend a complaint to state *specifically* what changes are sought in the proposed amended complaint. The proposed amended complaint must be filed as an attachment to the motion. Because an amended complaint replaces the original complaint, the proposed amended complaint must be complete and not refer to or incorporate by reference the original complaint. In other words, Cameron should include in the proposed amended complaint all of his allegations against all of the people he wants to sue. He should also be mindful of the Court's analysis in the original screening order and avoid including individuals against whom the Court has already concluded he fails to state a claim—unless he has additional allegations that he did not include in the original complaint. If the Court grants Cameron's motion to amend his complaint, it will screen the amended complaint as required by 28 U.S.C. §1915A.

Next, the Court will deny Cameron's motion to appoint counsel. Cameron explains that he has "made reasonable efforts to contact several attorneys" but none has agreed to represent him. He also highlights that the Defendants are represented by different lawyers, which will make communicating with them challenging. He also explains that, because he has a job at the prison, it is difficult for him to find time to work on his case and/or make use of the law library. Finally, Cameron explains that he has mental health issues, including anxiety, depression, and attention deficit disorder, "all of which cooperate to create difficulties with the simplest of drafting, not to mention distracting from attention to the details of these tasks."

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but

there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Cameron appears to have satisfied the first prong by making reasonable efforts to find a lawyer without the Court's help. Nevertheless, the Court will deny the motion because, as explained in the screening order, Cameron appears capable of participating in discovery and responding to a summary judgment motion. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019). Cameron's complaint is detailed, organized, and easy to understand, giving the Court confidence that he understands the facts and issues relevant to his claims. Cameron has personal knowledge of his interactions with the Defendants, including what symptoms he reported to them and how they responded. Cameron may also get documents and records that he believes he needs to prove his claims through discovery. For example, he may ask each Defendant up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask for documents that they have in their possession. *See* Fed. R. Civ. P. 33 and 34; Civil L. R. 33. Defendants may object to requests to the extent they believe they are improper. If Cameron does not agree with an objection, he should try to informally resolve the dispute with the Defendant's lawyer. *See* Civil L. R. 37. Parties are nearly always able to resolve discovery disputes without the Court's involvement. If he and the Defendant's lawyer are unable to resolve the dispute on their own, he may file a motion asking the Court to get involved. If Cameron asks the Court to get involved, he must describe the discovery dispute in detail and explain what efforts the parties made to resolve the dispute before involving the Court. As a reminder, although Cameron should direct his discovery requests to Defendants, to properly serve his requests, he must mail the requests to counsel. Cameron should not file his discovery requests with the Court; Defendants are under no obligation to respond to requests that are not properly served. Finally, Cameron is encouraged to review the litigate guide the Court

provided along with the screening order. This guide contains information about the litigation process and a glossary of legal terms that Cameron may find helpful.

The Court acknowledges the challenges Cameron faces with his mental health conditions and limited time, but these are circumstances that many, if not most, prisoners face and are not sufficient on their own for the Court to infer that Cameron lacks the capacity to represent himself during the early stages of this case. If, given these challenges, Cameron feels that he is unable to comply with a particular deadline, he may file a motion to extend the deadline. The Court will not needlessly delay resolution of this case, but the Court will extend deadlines when a party shows good cause to do so. The Court believes Cameron has the capacity to represent himself through the briefing of summary judgment. If *new* challenges arise that Cameron does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them.

Finally, Cameron is advised that the Court's financial department has processed a refund in the amount of $84.03 and has sent a notice to his institution that the $350 filing fee debt has been paid. Cameron's motion for an order regarding the collection of the filing fee debt will therefore be denied as moot.

**IT IS THEREFORE ORDERED** that Cameron's motions for reconsideration and to add a party (Dkt. No. 22) are **DENIED**, his motion to appoint counsel (Dkt. No. 22) is **DENIED without prejudice**, and his motion for an order regarding the collection of the filing fee (Dkt. No. 22) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin this 21st day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge